**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT CLEVELAND**

| | |
|---|---|
| **CHRISTOPHER MUSCATELLO**<br>6314 Flowerdale Avenue<br>Cleveland, OH 44144<br><br>      Plaintiff,<br><br>      v.<br><br>**ASSET MEDIATION MANAGEMENT LLC**<br>C/o LegalInc Corporate Services, Inc.,<br>Registered Agent<br>1870 The Exchange, Suite 200-44<br>Atlanta, GA 30339<br><br>and<br><br>**JEFFERSON CAPITAL SYSTEMS, LLC**<br>C/o Corporation Service Company, Registered Agent<br>50 West Broad Street, Suite 1330<br>Columbus, OH 43215<br><br>      Defendant(s) | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY DEMAND ENDORSED HEREIN** |

Plaintiff Christopher Muscatello ("Plaintiff" or "Muscatello"), through his Counsel, and for his Complaint against Defendants Asset Mediation Management LLC ("Asset") and Jefferson Capital Systems, LLC ("JCS") (collectively, the "Defendants"), hereby states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.     Plaintiff Christopher Muscatello is a natural person who resides in Cleveland, Ohio.

2.     Defendant Asset Mediation Management LLC is a limited liability company incorporated under the laws of the State of Georgia and is not registered with the Ohio Secretary of State. Asset maintains its principal place of business in Atlanta, Georgia.

3.      Defendant Jefferson Capital Systems, LLC is a limited liability company incorporated under the laws of the State of Georgia and is registered with the Ohio Secretary of State. JCS maintains its principal place of business in St. Cloud, MN.

4.      Jurisdiction is proper under 28 U.S.C. § 1331 as this action arises out of violations of 15 U.S.C. § 1692k(d), as this action arises under the FDCPA, as well as 28 U.S.C. 1334(b) as this action arises out of violations of the United States Bankruptcy Code.

5.      This Court has supplemental jurisdiction to hear any and all state law claims that are plead herein or that may subsequently arise pursuant to 28 U.S.C. § 1367.

6.      Venue lies in this District pursuant to 28 U.S.C. § 1391(b), as Muscatello resides in this District and all of the causes of action described herein occurred in this District.

## **INTRODUCTION**

7.      Muscatello is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3); and a person affected by a violation of the FDCPA, and other violations, with standing to bring this claim primarily under 15 U.S.C. § 1692.

8.      Asset is a debt collector as that term is defined by 15 U.S.C. 1692a(6) based upon the actions described herein, *supra*, as well as based on the information on its website in which Asset states it offers dispute facilitation.[1]

9.      JCS is a debt collector as that term is defined by 15 U.S.C. 1692a(6) based upon the actions described herein, *supra*, as well as based on the information on its website in which JCS indicates it is a debt collector.[2]

---

[1] https://www.assetmediationmanagement.com/ (last visited February 17, 2021)
[2] https://www.myjcap.com/question/list (last visited February 17, 2021)

10.     Both Asset and JCS are entities that engaged, by use of the telephone, in the business of attempting to collect from Plaintiff a "debt"—in default—as defined by 15 U.S.C. § 1692a(5).

11.     Muscatello's interactions and transactions with each Defendant are a "debt" as that term is defined by the FDCPA as the underlying debt sought to be collected was an unsecured line of credit the primary purpose of which was for personal, family, or household use.

12.     Muscatello has a private right of action under the FDCPA pursuant to 15 U.S.C. § 1692k(d) for the claimed breaches and such action provides for remedies including actual damages, costs, statutory damages, and attorneys' fees.

**BACKGROUND FACTS**

13.     Sometime in 2008 and 2009 Muscatello incurred an unsecured line of credit from Direct Merchants Bank.

14.     On November 22, 2013 Muscatello filed his petition for bankruptcy relief under Chapter 7 of Title 11 of the United States Code in Case No. 13-18188 in the United States Bankruptcy Court for the Northern District of Ohio Eastern Division at Cleveland (the "Bankruptcy") *See* Exhibit 1 - Chapter 7 Docket

15.     As part of his Petition for Relief in the Bankruptcy, Muscatello listed his liabilities to Direct Merchants Bank and multiple other unsecured creditors. *See* Exhibit 2 - Schedule F

16.     Muscatello received his discharge on February 26, 2014. *See* Exhibit 1 generally.

17.     Neither Direct Merchants Bank nor any of Muscatello's creditors objected to his discharge. *Id.*

18.     Following his discharge Muscatello began rebuilding his financial life including his credit since these liabilities had been discharged.

19.     On August 4, 2020 at 3:55pm Muscatello received a call on his Cell Phone number which begins with the prefix (216) and ends with (9377) (the "Cell number") from a number beginning with (888) and ending in (9104) affiliated with Asset (the "Asset number"). *See* Exhibit 3 at p. 11

20.     Muscatello received a second call from the Asset Number on his Cell number that same day at 4:27pm. *Id.* at p. 10

21.     Muscatello received a third call from the Asset Number on his Cell number on August 18, 2020 at 12:06pm. *Id.* at p. 9

22.     Muscatello received a fourth call from the Asset Number on his Cell Number on August 20, 2020 at 3:21pm. *Id.* at p. 8.

23.     On August 20, 2020 Muscatello also began receiving calls on his Cell Number from a second number beginning with (888) and ending in (0516) affiliated with JCS (the "JCS Number"). These calls came on August 20, 2020 at 9:02am and 11:51am. *Id.*

24.     On August 21, 2020 Muscatello received a fifth call from the Asset Number on his Cell Number at 3:55pm. *Id.* at p. 7

25.     On August 23, 2020 Muscatello received three calls from the JCS Number on his Cell Number at 9:16am, 11:50am and 12:04pm. *Id.* at p. 6

26.     On August 24, 2020 Muscatello received a sixth separate call from the Asset Number on his Cell Number at 2:33pm. *Id.* at p. 5

27.     On August 25, 2020 Muscatello received a seventh separate call from the Asset Number on his Cell Number at 10:21am. *Id.* at p. 4

28.     On August 26, 2020 Muscatello received an eighth separate call from the Asset Number on his Cell Number at 12:12pm. *Id.* at p. 3

29.     On August 27, 2020 Muscatello received a ninth separate call from the Asset Number on his Cell Number at 11:56am. *Id.* at p. 2

30.     After receiving this deluge of calls from the Defendants on August 28, 2020 Muscatello received a dunning notice from Asset, a copy of which is attached as Exhibit 4 to this Complaint.

31.     In the dunning notice for the first time Muscatello is informed that the debt was the Direct Merchants Bank Card which was discharged in his Chapter 7. *See* Exhibit 4.

32.     Muscatello has suffered actual harm as a result of the actions of Asset and JCS calling repeatedly on a debt which Muscatello reasonably believes was discharged in his Bankruptcy.  The actions of both Asset and RCS have caused an invasion of his privacy, intrusion into his affairs, private nuisance as the majority of the calls have been receiving during regular business hours which have caused interference with Muscatello's and on-going stress and anxiety that Asset and/or JCS will continue.

### COUNT ONE: AGAINST BOTH DEFENDANTS
### VIOLATIONS OF THE FDCPA, 15 U.S.C. §§ 1692, *et seq*,

33.     Muscatello restates and incorporates all of his statements and allegations contained in Paragraphs 1 through 32 in their entirety, as if fully rewritten herein.

34.     Muscatello is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3); and a person affected by a violation of the FDCPA, and other violations, with standing to bring this claim primarily under 15 U.S.C. § 1692.

35.     The debt to Direct Merchants Bank is a debt as defined by the FDCPA as Muscatello incurred the debt for his personal, household or family use. 15 U.S.C. § 1692a(5)

36.     Asset is engaged in the collection of debts from consumers using the mail and the telephone. Asset regularly attempts to collect consumer debts alleged to be due to another. Asset is a "debt collector" as defined by FDCPA. 15 U.S.C. § 1692a(6).

37.     JCS is engaged in the collection of debts from consumers using the mail and the telephone. JCS regularly attempts to collect consumer debts alleged to be due to another. JCS is a "debt collector" as defined by FDCPA. 15 U.S.C. § 1692a(6).

38.     Asset's actions in calling Muscatello at least eight (8) times and sending a dunning notice as described in Paragraphs 13 through 32 violate 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt as Asset knew, or should have known with a simple PACER search, of Muscatello's Bankruptcy. Additionally based on the allegations herein, Asset's actions also violate 15 U.S.C. § 1692e(2) as Asset is asserting amounts due that have been satisfied.

39.     JCS's actions in calling Muscatello at least five (5) times and sending a dunning notice as described in Paragraphs 13 through 32 violate 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt as JCS knew, or should have known with a simple PACER search, of Muscatello's Bankruptcy. Additionally based on the allegations herein, JCS's actions also violate 15 U.S.C. § 1692e(2) as JCS is asserting amounts due that have been satisfied.

40.     The actions of Asset described herein have directly caused Muscatello to live in constant anxiety, worry and frustration in having to deal with the repetitive calls and notices.

41.     The actions of JCS described herein have directly caused Muscatello to live in constant anxiety, worry and frustration in having to deal with the repetitive calls.

42.     As a result of the actions of both Asset and JCS, each Defendant is liable to Muscatello for statutory damages of $1,000.00, actual damages in an amount to be determined and Muscatello's reasonable attorneys' fees and costs related to the prosecution of this matter.

## COUNT TWO: VIOLATION OF THE DISCHARGE ORDER - BOTH DEFENDANTS
### (11 U.S.C.  § 105, 11 U.S.C.  § 524 and 11 U.S.C. § 727

43.     Muscatello realleges all allegations contained in Paragraphs 1 through 42 as if fully restated herein.

44.     11 U.S.C. § 524(a)(2) states a discharge in a case under this title operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

45.     As stated above Muscatello received his discharge on February 26, 2014. *See* Exhibit 1 generally.

46.     Based upon the allegations above both Asset and JCS made repeated attempts to collect balances on an unsecured debt that was discharged in Muscatello's Bankruptcy. *See* Exhibits 3 and 4 generally.

47.     The acts of both Asset and JCS demonstrate willful patterns of overt acts that violate the discharge order obtained by Muscatello that must be stopped.

48.     As a result of the above violations of the discharge, Muscatello is entitled to recover an award against Asset and JCS jointly and severally of actual damages, punitive damages and legal fees and expenses pursuant to 11 U.S.C. § 105.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Christopher Muscatello respectfully requests the following relief against Defendants Asset Mediation Management LLC and Jefferson Capital Systems, LLC:

A) For an award of actual damages for all allegations contained in Counts One and Two, jointly and severally as applicable against Asset and JCS;

B) For an award of statutory damages of $1,000.00 against Asset as to the allegations contained in Count One;

C) For an award of statutory damages of $1,000.00 against JCS as to the allegations contained in Count One;

D) For an award of punitive damages against Asset and JCS, jointly and severally as applicable, as to the allegations contained in Count Two;

E) For an award of Muscatello's reasonable attorney's fees and costs against Asset and JCS as to the allegations contained in Count One and/or Count Two; and

F) For all other relief this Court may deem just and proper.

Respectfully Submitted,

*/s/Brian D. Flick*
Brian D Flick (0081605)
Marc E. Dann (0039425)
DANN LAW
P.O. Box 6031040
Cleveland, OH  44103
Phone: (216) 373-0539
Facsimile: (216) 373-0536
notices@dannlaw.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues, with the maximum number of jurors permitted by law.

/s/Brian D. Flick
Brian D Flick (0081605)
Marc E. Dann (0039425)
DANN LAW

*Attorneys for Plaintiff*